**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-4884**

———————

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

MICHAEL EUGENE SPRY,

　　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (2:16-cr-00013-D-1)

———————

Submitted:  August 30, 2019　　　　　　　　　　Decided:  September 16, 2019

———————

Before NIEMEYER, KEENAN, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Eugene Spry appeals his 36-month sentence imposed following the revocation of supervised release. Spry admitted that he violated the conditions of supervised release because he committed criminal conduct, failed to report to the probation officer, and absconded from supervision. Spry contends that his sentence is unreasonable and also violates the Double Jeopardy Clause. We affirm.

"[A] court of appeals reviewing a district court's revocation sentence must adopt a more deferential appellate posture than when reviewing original sentences to account for the unique nature of supervised release revocation sentences." *United States v. Gibbs*, 897 F.3d 199, 203 (4th Cir. 2018) (brackets and internal quotation marks omitted). "We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

As with original sentences, we review the procedural and substantive reasonableness of the revocation sentence. *Gibbs*, 897 F.3d at 204.

> A revocation sentence passes procedural muster if it is supported by a sufficient explanation so that we may effectively review the reasonableness of the sentence, which must encompass an assurance that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing. And a sentence passes substantive muster if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed.

*Id.* (brackets, citations, and internal quotation marks omitted). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." *Padgett*, 788 F.3d at

2

373. "The sentencing court must consider both the policy statements and the applicable policy statement range . . . as well as the applicable 18 U.S.C. § 3553(a) factors." *Id.* (brackets and internal quotation marks omitted).

After reviewing the record and the transcript of the revocation hearing, we conclude that Spry's sentence is not unreasonable. The district court provided a sufficient explanation for its findings and adequately analyzed the applicable § 3553(a) factors. Furthermore, we conclude that the district court articulated a proper basis for its conclusion that Spry should be sentenced to the statutory maximum.

Spry's double jeopardy argument is without merit. The Supreme Court recently upheld the dual sovereignty exception to the Double Jeopardy Clause. *Gamble v. United States*, 139 S. Ct. 1960, 1964-67 (2019).

Accordingly, we affirm Spry's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*